[723 NYS2d 886]

In the Matter of ANDREW D. GRAYNOR (Admitted as ANDREW DAVID GRAYNOR), an Attorney, Resignor.

Second Department, May 7, 2001

**APPEARANCES OF COUNSEL**

*Joseph W. Ryan, Jr.,* Uniondale, for resignor.

*Grace D. Moran*, Syosset (*Elizabeth A. Grabowski* of counsel), for Grievance Committee for the Tenth Judicial District.

**OPINION OF THE COURT**

Per Curiam.

Andrew D. Graynor has submitted an affidavit, dated December 12, 2000, wherein he tenders his resignation as an attorney and counselor-at-law (*see*, 22 NYCRR 691.9). Mr.

Graynor was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 9, 1983, under the name Andrew David Graynor.

In his proffered resignation, the respondent admits that he is the subject of a criminal investigation being conducted by the United States Attorney for the Eastern District of New York, the New York County District Attorney, and other Federal and local law enforcement agencies. Furthermore, he states that he is cooperating with, among others, the Federal Bureau of Investigation and the Inspector General of the United States Department of Housing and Urban Development (hereinafter HUD). HUD offered a program wherein it guaranteed loans for the purchase and rehabilitation of multiple dwellings in the New York region. The respondent admits that, as an attorney, he aided in preparing and submitting false documentation to HUD in order to induce that agency to guarantee loans made by certain mortgage lenders.

The respondent acknowledges that he acted knowingly, willfully, and voluntarily, and that he could not successfully defend himself on the merits against any disciplinary charges that the petitioner might initiate against him based upon the facts and circumstances of this matter. Furthermore, he apologizes and accepts responsibility for engaging in professional misconduct.

The respondent avers that his resignation is freely and voluntarily tendered, and that he has not been subjected to coercion or duress. He has discussed his decision to resign with his attorney, Joseph W. Ryan, Jr., whose advice and counsel he respects. He is fully aware of the implications of submitting his resignation, including being barred by Judiciary Law § 90 and the Rules of the Court from seeking reinstatement for at least seven years from the date of his resignation (see, 22 NYCRR 691.11).

The respondent is aware that, pursuant to Judiciary Law § 90 (6-a), any order permitting him to resign could require him to make monetary restitution to any person whose money or property was misappropriated or misapplied, or to reimburse the Lawyers' Fund for Client Protection. He is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him, and he waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The petitioner recommends acceptance of the resignation.

As the resignation complies with all pertinent court rules, it is accepted, Mr. Graynor is disbarred, and his name is stricken

from the roll of attorneys and counselors-at-law, effective immediately.

BRACKEN, P. J., O'BRIEN, RITTER, SANTUCCI and H. MILLER, JJ., concur.

Ordered that the resignation of Andrew D. Graynor is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Andrew D. Graynor is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Andrew D. Graynor shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see*, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Andrew D. Graynor is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.